## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| QUMERE MCCLENDON, | : | |
| | : | Civil Action No. 19-18811 (MAS) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BRUCE DAVIS, et al., | : | |
| | : | |
| Respondents. | : | |

**SHIPP, District Judge**

Qumere McClendon ("Petitioner"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, brought a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition") challenging his conviction for felony murder and related offenses. (Pet., ECF No. 1.) Presently before this Court is Petitioner's Motion for a Stay (the "Motion"). (Mot., ECF No. 12.) Respondents oppose the Motion. (Resp't's Opp'n, ECF No. 13.) For the reasons set forth below, the Motion for a Stay is denied without prejudice.

## I.    BACKGROUND

The Court recites only the facts necessary to decide the instant motion. Petitioner was convicted by a jury in 2011 of second-degree conspiracy to commit burglary and robbery, possession of a firearm for an unlawful purpose, second degree burglary, first degree robbery, first degree felony murder, first degree aggravated manslaughter, third degree endangering the welfare of a child, second degree witness tampering, and second degree certain persons not to possess a weapon. *See State v. McClendon*, No. A-0589-11T4, 2014 WL 886776, at *1 (N.J. Super. Ct. App. Div. Mar. 7, 2014). He was sentenced to an aggregate term of 55 years in prison with a 40-

year period of parole ineligibility.  (Sentencing Tr. 28[1], ECF No. 7-24.)  Petitioner filed an appeal

before the New Jersey Superior Court, Appellate Division, and raised the following three claims:

> POINT I: THE DEFENDANT'S VIDEOTAPED STATEMENT WAS THE PRODUCT OF COERCIVE INTERROGATION.  *U.S. Const.* Amends. V, XV; *N.J.R.E.* 503.

> POINT II: THE TRIAL JUDGE ERRED IN NOT SUPPRESSING THE DEFENDANT'S SECOND STATEMENT AS IT WAS OBTAINED AFTER HE INVOKED HIS RIGHT TO COUNSEL. *U.S. Const. Amends.* V, XIV; *N.J.R.E.* 503.

> POINT III: THE DEFENDANT'S SENTENCE IS EXCESSIVE.

*McClendon*, 2014 WL 886776, at *1.

The Appellate Division affirmed both Petitioner's conviction and sentence.  *Id.* at *8.  The

New Jersey Supreme Court denied Petitioner's subsequent request for certification.  *See State v.

McClendon*, 99 A.3d 832 (N.J. 2014).

On January 22, 2015, Petitioner filed a Petition for Post-Conviction Relief ("PCR").  (PCR

Court Op., Jan. 30, 2017, ECF No. 7-35 at 3[2].)  He presented the following grounds for relief in

his counseled brief:

> POINT I: BUT FOR TRIAL COUNSEL'S INEFFECTIVE REPRESENTATION THE DEFENDANT'S STATEMENTS WOULD HAVE BEEN SUPPRESSED IN THEIR ENTIRETY

> POINT II: THE DEFENDANT WAS DEPRIVED HIS CONSTITUTIONAL RIGHT TO TESTIFY ON HIS OWN BEHALF

> POINT III: THE DEFENDANT WAS DEPRIVED HIS CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE

> POINT IV: BY VIRTUE OF TRIAL COUNSEL'S INEFFECTIVE REPRESENTATION, THE DEFENDANT WAS DENIED HIS

---

[1] Page numbers refer to those associated with the ECF header.

[2] Page numbers refer to those associated with the ECF header.

RIGHT TO A FAIR TRIAL BY AN IMPARTIAL JURY AND EQUAL PROTECTION

POINT V: THE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF HIS UNITED STATES AND NEW JERSEY CONSTITUTIONS

POINT VI: THE CUMULATIVE EFFECT OF THE ERRORS COMPLAINED OF RENDERED THE TRIAL UNFAIR

POINT VII: DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

POINT VIII: AN EVIDENTIARY HEARING IS REQUIRED WITH REGARD TO THE ALLEGATIONS OF DEFENDANT'S PETITON FOR POST CONVICTION RELIEF

POINT IX: THE DEFENDANT'S MOTION FOR POST-CONVICTION RELIEF SHOULD NOT BE BARRED BY PROCEDURAL CONSIDERATIONS

(Pet., ECF No. 1 at 19–20[3].)

Petitioner also raised the following pro se claims:

POINT ONE: TRIAL COUNSEL PROVED TO BE PREJUDICIALLY INEFFECTIVE BY FAILING TO OBJECT TO THE TESTIMONY OF MEDICAL EXAMINER DR. DICARLO REGARDING THE AUTOPSY PERFORMED BY ANOTHER MEDICAL EXAMINER RATHER THAN TESTIFYING BASED ON HIS OWN OBSERVATIONS, VIOLATED PETITIONER'S SIXTH AMENDMENT RIGHT TO CONFRONTATION, A FAIR TRIAL AND DUE PROCESS

POINT TWO: TRIAL COUNSEL PROVED TO BE PREJUDICIALLY INEFFECTIVE BY FAILING TO CHALLENGE THE LEGALITY OF PETITIONER'S ARREST, WHERE PETITIONER WAS ILLEGALLY ARREST[ED] AND PLACE[D] INTO CUSTODY UNDER FALSE PRETENSES, FOR THE SOLE PURPOSE OF QUESTIONING AND OBTAINING A CONFESSION, AND CHALLENGING THE VALIDITY OF THE ARREST WARRANT, THE PETITIONER'S SIXTH, FOURTH AND FOURTEETH AMENDMENT RIGHTS, THUS, ALL EVIDENCE OBTAINED AS A DIRECT RESULT OF THE EXPLOITATION OF THE ILLEGAL ARREST, AND

---

[3] Page numbers refer to those associated with the ECF header.

DEFECTIVE ARREST WARRANT MUST BE HELD INADMISSIBLE.

POINT THREE: IN THE ALTERNATIVE, PETITIONER HAS ESTABLISHED A PRIMA FACIE CASE SUFFICIENT TO WARRANT THE ORDERING OF AN EVIDENTIARY HEARING

(*Id.* at 20–21.)

The PCR court denied Petitioner's application for post-conviction relief.  (PCR Court Op., Jan. 30, 2017 19.)  On January 29, 2019, the Appellate Division affirmed the PCR court's denial.  *See State v. McClendon*, No. A-4731-16T3, 2019 WL 347172, at *4 (N.J. Super. Ct. App. Div. Jan. 29, 2019).  The New Jersey Supreme Court denied Petitioner's request for certification.  *See State v. McClendon*, 213 A.3d 186 (N.J. 2019).

On October 4, 2019, Petitioner filed a Petition for a Writ of Habeas Corpus before this Court.  (Pet. 17.)[4]  He raised the following four claims:

GROUND ONE: BUT FOR TRIAL COUNSEL'S INEFFECTIVE REPRESENTATION, THE DEFENDANT'S STATEMENTS WOULD HAVE BEEN SUPPRESSED IN THEIR ENTIRETY

GROUND TWO: THE DEFENDANT WAS DEPRIVED HIS CONSTITUTIONAL RIGHT TO TESTIFY ON HIS OWN BEHALF

GROUND THREE: BY VIRTUE OF TRIAL COUNSEL'S INEFFECTIVE REPRESENTATION, THE DEFENDANT WAS DENIED HIS RIGHT TO A FAIR TRIAL BY AN IMPARTIAL JURY AND EQUAL PROTECTION

GROUND FOUR: TRIAL COUNSEL PROVED TO BE PREJUDICIALLY INEFFECTIVE BY FAILING TO OBJECT TO THE TESTIMONY OF MEDICAL EXAMINER DR. DICARLO REGARDING THE AUTOPSY PERFORMED BY ANOTHER MEDICAL EXAMINER RATHER THAN TESTIFYING BASED

---

[4] Petitioner certified that he placed his petition in the prison mailing system on October 4, 2019. (Pet. 17.)  "Pursuant to the federal prisoner mailbox rule, 'a document is deemed filed on the date it is given to prison officials for mailing.'"  *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013) *(*quoting *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011)).

ON HIS OWN OBSERVATIONS, VIOLATED PETITIONER'S
SIXTH AMENDMENT RIGHT TO CONFRONTATION, A FAIR
TRIAL AND DUE PROCESS

(*Id.* at 22–40.)

Respondents filed an answer to the Petition on December 2, 2019.  (Answer, ECF No. 7.)

Over three months later, on March 23, 2020, Petitioner filed the instant Motion for a Stay.  (*See*

*generally* Mot. to Stay, ECF, No. 12.)   In his Motion, he presented five new claims that he

requested to include in his habeas petition but indicated that they had not yet been exhausted in

state court.  (*Id.* at 5[5].)  Petitioner stated that he filed a second PCR petition in state court, which

remains pending, and requested a stay to exhaust his new claims.  (*Id.* at 5–6.)  The claims

Petitioner seeks leave to exhaust are:

> Point One: Appellate Counsel proved to be ineffective by failing to
> raise that the PCR court failed to address and make specific and
> adequate findings of fact on Petitioner's claim that the police
> advising Petitioner that he arrested for the murder of the victim
> when, he was not and never advised what he was in fact arrested for,
> constitutes psychological coercion, used to overbear Petitioner's
> will not to incriminate himself, constitutes as police misconduct,
> thus this issue must be remanded to the lower PCR court for
> adjudication to establish a sufficient developed record.
>
> Point Two: Petitioner moves for motion for a new trial based on
> newly discovered evidence, where the State committed
> prosecutorial misconduct by failing to turn over evidence that
> attacked the credibility of State witness Dr. Frederick DiCarlo's
> ability to qualify as an expert witness.
>
> Point Three: Appellate counsel proved to be ineffective by failing to
> raise that PCR counsel failed to raise that trial counsel failed to
> conduct an adequate independent investigation of the State's witness
> and discover that medical examiner Dr. DiCarlo was unqualified to
> testify as an expert witness for the State due to federal and State
> criminal investigations into his practice.
>
> Point Four: Appellate counsel proved to be ineffective by failing to
> raise that PCR counsel failed to raise that direct appeal counsel

---

[5] Page numbers refer to those associated with the ECF header.

failed to raise that the trial court abused its discretion when sentencing Petitioner to an illegal consecutive sentence on the witness tampering conviction as defined under ex post facto standard.

Point Five: Appellate counsel proved to be ineffective by failing to raise that PCR counsel failed to raise that direct appeal counsel failed that [sic] trial court abused it's discretion by failing to award Petitioner additional jail time credits served in custody in jail between arrest and the imposition of sentencing on each case pursuant to Rule 3:21-8 and N.J.S.A. 2C:44-5(B)(2).

(*Id.* at 7.)

Respondents filed opposition to the Motion, and Petitioner filed a brief in reply. (Resp't's Opp'n, ECF No. 13; Pet'r's Reply, ECF No. 15.) The matter is now fully briefed and ripe for disposition.

## II.   ANALYSIS

A petitioner seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must first "exhaust[] the remedies available in the courts of the State" before applying for habeas relief. 28 U.S.C. § 2254(b)(1)(A). In "limited circumstances," a court may grant a petitioner a protective stay to allow him to return to state court and exhaust any unexhausted claims without running afoul of the one-year statute of limitations to file a habeas petition. *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *see also Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). The United States Supreme Court has held that a stay is "only appropriate" where the district court determines the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277–78. A petitioner bears the burden of showing that he is entitled to a stay. *See Urcinoli v. Cathel*, 546 F.3d 269, 275 n.8 (3d Cir. 2008).

Here, the four of Petitioner's claims that allege his PCR counsel was ineffective are not potentially meritorious because ineffective assistance of PCR counsel is not a cognizable habeas claim. *See* 28 U.S.C. § 2254(i). Pursuant to 28 U.S.C. § 2245(i), "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." The Supreme Court has similarly stated that "a petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-conviction] proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). The limited exception to this rule is set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012), which held that "[i]nadequate assistance of counsel as initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. Here, however, Petitioner's claims do not fall within the limited exception outlined by *Martinez* as he is not attempting to overcome a procedural default. Rather, he is attacking the effectiveness of his PCR counsel; claims that are prohibited by 28 U.S.C § 2245(i). Accordingly, Petitioner's claims alleging ineffective assistance of PCR counsel do not warrant a stay.

As for Petitioner's remaining claim, that he is entitled to a new trial based upon newly discovered evidence, Petitioner does not provide sufficient information for the Court to determine whether this claim is potentially meritorious. The only information Petitioner provides is that there is newly discovered evidence the State committed a *Brady* violation[6] by failing to turn over "evidence" that would attack the credibility of State witness, Dr. DiCarlo, to testify as an expert.

---

[6] A "*Brady* violation" refers to the United States Supreme Court case *Brady v. Maryland*, 373 U.S. 83 (1963), which held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87; *see also Strickler v. Greene*, 527 U.S. 263, 281 (1999) (recognizing a *Brady* violation as "any breach of the broad obligation to disclose exculpatory evidence.").

(Mot. 7.)  "A *Brady* violation occurs if: (1) the evidence at issue is favorable to the accused, because either it is exculpatory or impeaching; (2) the prosecution withheld it; and (3) the defendant was prejudiced because the evidence was 'material.'" *Breakiron v. Horn*, 642 F.3d 126, 133 (3d Cir. 2011).  Here, Petitioner does not indicate what evidence the State allegedly failed to turn over, nor does he provide sufficient context for the Court to determine whether that evidence would have been material.  Although Respondents pointed out the "scant information" about Petitioner's claim in their opposition brief, Petitioner failed to elaborate further in his reply. (Resp't's Opp'n 5–6.)  Rather, he asked the Court to consider the fact that he is "indigent," "not a trained attorney," and that his second PCR and the claims therein are still in a "nascent stage." (Pet'r's Reply 2[7].)  However, absent additional information about Petitioner's newly discovered evidence claim, the Court is unable to ascertain whether a stay is appropriate.

Accordingly, Petitioner has not met his burden of showing that he is entitled to a stay on any of his five newly asserted claims.

## III.   CONCLUSION

For the reasons set forth above, Petitioner's Motion for a Stay (ECF No. 12) is denied without prejudice.  An appropriate Order follows.

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[7] Page numbers refer to those associated with the ECF header.