**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUMERE MCCLENDON,<br><br>     Petitioner,<br><br>  v.<br><br>BRUCE DAVIS, et al.,<br><br>     Respondents. | Civil Action No. 19-18811 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

  This matter comes before the Court on Petitioner's renewed motion for a stay of his habeas petition. (ECF No. 19.) Respondents filed opposition to the motion (ECF No. 20), to which Petitioner replied (ECF No. 23.) For the following reasons, Petitioner's motion is granted and this matter shall be stayed pending the completion of Petitioner's second PCR petition in state court.

  By way of background, Petitioner filed his habeas petition in October 2019. (ECF No. 1.) He thereafter filed an amended petition in November 2019. (ECF No. 6.) Respondents then filed an answer to the petition in December 2019. (ECF No. 7.) Petitioner thereafter sought and was granted several extensions of time within which to file a reply. (*See* ECF Nos. 8-11.) Instead of filing a reply, however, in March 2020 Petitioner filed a motion to stay his habeas proceeding so he could return to state court to pursue five entirely new claims. (ECF No. 12.)

  This Court denied Petitioner's first stay motion without prejudice by way of an order and opinion issued on October 13, 2020. (ECF Nos. 16-17.) As this Court explained in that opinion,

> A petitioner seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must first "exhaust[] the remedies available in the courts of the State" before applying for habeas relief. 28 U.S.C.

§ 2254(b)(1)(A). In "limited circumstances," a court may grant a petitioner a protective stay to allow him to return to state court and exhaust any unexhausted claims without running afoul of the one-year statute of limitations to file a habeas petition. *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *see also Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). The United States Supreme Court has held that a stay is "only appropriate" where the district court determines the petitioner "had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277–78. A petitioner bears the burden of showing that he is entitled to a stay. *See Urcinoli v. Cathel*, 546 F.3d 269, 275 n.8 (3d Cir. 2008).

Here, the four of Petitioner's claims that allege his PCR counsel was ineffective are not potentially meritorious because ineffective assistance of PCR counsel is not a cognizable habeas claim. *See* 28 U.S.C. § 2254(i). Pursuant to 28 U.S.C. § 2245(i), "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." The Supreme Court has similarly stated that "a petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-conviction] proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). The limited exception to this rule is set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012), which held that "[i]nadequate assistance of counsel as initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. at 9. Here, however, Petitioner's claims do not fall within the limited exception outlined by *Martinez* as he is not attempting to overcome a procedural default. Rather, he is attacking the effectiveness of his PCR counsel; claims that are prohibited by 28 U.S.C § 2245(i). Accordingly, Petitioner's claims alleging ineffective assistance of PCR counsel do not warrant a stay.

As for Petitioner's remaining claim, that he is entitled to a new trial based upon newly discovered evidence, Petitioner does not provide sufficient information for the Court to determine whether this claim is potentially meritorious. The only information Petitioner provides is that there is newly discovered evidence the State committed a *Brady* violation by failing to turn over "evidence" that would attack the credibility of State witness, Dr. DiCarlo, to testify as an expert. "A *Brady* violation occurs if: (1) the evidence at issue is favorable to the accused, because either it is exculpatory or impeaching; (2) the prosecution withheld it; and (3) the defendant was prejudiced because the evidence was 'material.'" *Breakiron v. Horn*, 642 F.3d 126, 133 (3d Cir. 2011). Here, Petitioner does not

> indicate what evidence the State allegedly failed to turn over, nor does he provide sufficient context for the Court to determine whether that evidence would have been material. Although Respondents pointed out the "scant information" about Petitioner's claim in their opposition brief, Petitioner failed to elaborate further in his reply. Rather, he asked the Court to consider the fact that he is "indigent," "not a trained attorney," and that his second PCR and the claims therein are still in a "nascent stage." However, absent additional information about Petitioner's newly discovered evidence claim, the Court is unable to ascertain whether a stay is appropriate.

(ECF No. 16 at 6-8, record citations and footnotes omitted.)

Petitioner thereafter filed his current motion. (ECF No. 19.) In that motion, Petitioner reasserts two of the claims which this Court previously found did not warrant a stay – a circuitous claim of ineffective assistance of PCR appellate counsel and his new evidence claim. He also raises several additional claims which he asserts are now pending in a second PCR petition on which he was granted appointed counsel in state court. These include claims asserting that trial counsel was ineffective in failing to object to certain jury instructions, challenge the applicability of New Jersey's child endangerment statute to Petitioner, challenge the imposition of consecutive sentences on certain counts, and in failing to discover alleged *Brady* violations related to Plaintiff's new evidence claim. (ECF No. 19-1 at 2-19). Petitioner also clarifies that his new evidence claim relates directly to allegations of professional wrongdoing by the medical examiner who testified at his trial, many of which he draws from a website named "newjerseyiscorrupt.com." (*Id.* at 5.)

Although this Court reiterates that Petitioner's claims of ineffective assistance of appellate and trial level PCR counsel fail to make out a valid basis for habeas relief for the reasons quoted above, and continues to find the merits of Petitioner's *Brady* related claim somewhat dubious – steeped as they are in hearsay drawn from a website whose name is not indicative of a fair or balanced perspective – the Court cannot say that all of Petitioner's second PCR petition claims are clearly without merit. Petitioner's jury instruction and child endangerment statute related claims,

to the extent they raise claims of ineffective assistance of trial rather than PCR counsel, may be of potential merit. Because this Court does not find that Petitioner has been acting in a clearly dilatory manner, because Petitioner raises claims of at least arguable merit which he is attempting to exhaust in state court, and Petitioner has raised an argument for why he failed previously to exhaust his claims – ineffective assistance of PCR counsel – this Court finds that a stay is warranted in this matter. *See Rhines*, 544 U.S. at 277–78.

This Court having reviewed Petitioner's motion, and for good cause shown,

**IT IS** on this 9th day of August, 2021, **ORDERED** that:

1. Petitioner's motion seeking a stay pending the outcome of his second PCR petition in state court (ECF No. 19) is **GRANTED**.

2. This matter is **STAYED** pending the outcome of the second PCR petition.

3. Within 30 days after the exhaustion of his claims in the state courts, Petitioner shall return to this Court by filing a motion to reopen this action, failure to comply with this deadline may result in this Order being vacated *nunc pro tunc* and the dismissal of Petitioner's habeas petition, *see Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004).

4. Upon the timely filing of a motion to reopen this matter following the exhaustion of Petitioner's claims, this matter shall be reopened.

5. The Clerk of the Court shall serve a copy of this Order upon Respondents electronically and upon Petitioner by regular mail, and shall administratively terminate this matter.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**