NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| QUMERE MCCLENDON,<br><br>                    Petitioner,<br><br>          v.<br><br>BRUCE DAVIS, *et al.*,<br><br>                    Respondents. | Civil Action No. 19-18811 (MAS)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Petitioner Qumere McClendon's ("Petitioner")
post-judgment motions seeking relief from this Court's denial of his habeas petition.  Petitioner
seeks to file and have this Court consider his late reply, to estop certain arguments made by the
state, to conduct discovery, and to expand the record of this matter.  (ECF Nos. 36-40.)  For the
following reasons, the Court denies Petitioner's Motions.

I.      BACKGROUND

Petitioner initially filed this habeas matter in 2019 while detained in New Jersey State
Prison ("NJSP").  (*See* ECF No. 1 at 1.)  In August 2021, following a round of briefing, and while
Petitioner was housed at NJSP, the Court granted Petitioner a stay of the matter pending the
completion of state court proceedings.  (*See* ECF No. 24.)  This matter was thereafter reopened in
late 2024, and in the spring of 2025, the Court ordered the State to respond to Petitioner's amended
petition.  (*See* ECF Nos. 25-27, 32.)  In its orders, the Court specifically stated that, upon the filing
of a response to the amended petition, Petitioner's reply was due within thirty days.  (ECF No. 27

at 2.) By the time this matter was reopened, Petitioner had been moved to East Jersey State Prison. (*See* ECF No. 25.)

The State filed its response on May 20, 2025, and attempted to serve copies of that response and accompanying documents on Petitioner. (*See* ECF No. 33; ECF No. 33-67.) Respondents, however, mailed the responsive documents to Petitioner's prior address of record—at NJSP. (*See* ECF No. 33-67.) From his current filings, nevertheless, it is clear that Petitioner received copies of the documents, albeit in a delayed fashion, because the documents had to be forwarded to him at his new prison. (*See* ECF No. 36 at 11-17.) This delay was clearly inadvertent and a result of Petitioner's transfer during the pendency of the stay of this matter. Moreover, nothing in the record other than Petitioner's belated complaint suggests that this was in any way intentional. Despite the clear timeline set out in this Court's briefing schedule order, Petitioner did not timely file a reply. Instead, this matter sat without further briefing for five months after the filing of an answer without any action by Petitioner to stay abreast of the status of this matter or to seek an extension or file a timely reply. (ECF Docket Sheet.) As such, the Court decided this matter without further response from Petitioner and denied Petitioner's habeas petition on October 24, 2025. (*See* ECF Nos. 34-35.)

On November 3, 2025, Petitioner filed numerous motions seeking the following: (1) to have a newly filed reply brief considered as within time; (2) relief from this Court's denial of his petition; (3) to estop a portion of the State's argument; (4) to expand the record; and (5) discovery. (ECF Nos. 36-40.) Petitioner essentially contends that the accidental service at his prior address amounts to a fraud on the Court. Petitioner also reiterates his belief that he could not have had a valid arrest warrant when he was arrested in late December of 2006 as found by the State Courts because a patrolman told him on December 12, 2006, that he "did not know if [he] had warrants." (*See* ECF No. 36.) The state court record, however, reflects that Petitioner did, in fact, have a valid

2

arrest warrant on a separate matter which was used to effectuate his arrest. (*See* ECF No. 33-44 at 3; ECF No. 33-34 at 18.)

## II.    LEGAL STANDARD

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the V.I.*, 822 F.3d 1342, 1346 (3d Cir. 1987). While Rules 60(b)(1)-(5) permit reopening a judgment for specific, enumerated reasons including fraud or mistake, Rule 60(b)(6) permits a party to seek relief from a final judgment for "any . . . reason that justifies relief." "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an "extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

## III.    DISCUSSION

In his Rule 60(b) motion, Petitioner contends that the mailing of the answer to the improper address and the resulting denial of his petition without consideration of his reply brief and accompanying motions constitutes error or a fraud on the Court. Turning first to the issue of fraud, it is clear from the record that the State's mailing of the answer to Petitioner's prior address was inadvertent. The address used was Petitioner's correct address throughout the first half of this case prior to the stay. In addition, Petitioner's transfer occurred during the stay, and Petitioner never

3

filed a specific change of address form on the docket of this matter. Instead, the Court itself updated the address based on Petitioner's filings. That the State did not notice the change, while not ideal, does not amount to fraud on the Court.

Petitioner also believes this matter should not have been decided without the benefit of his reply brief and accompanying documents. Even considering the State's inadvertent mailing of the record to the wrong prison, however, Petitioner had more than sufficient opportunity to file a reply in this matter. Petitioner was ordered by this Court to file his reply, if any, within thirty days of the filing of an answer. The answer in this matter was filed in May of 2025, and Petitioner's reply was therefore due in June of 2025. The Court did not decide the petition until late October, several months later. During that time, Petitioner made no apparent efforts to stay abreast of the status of this case, sought no extensions, and did not file a reply. Petitioner's argument that the Court wrongly decided his petition without a reply is not persuasive because Petitioner had ample opportunity to file a reply or seek an extension and did not do so. Here, Petitioner failed to keep abreast of the status of his habeas case as all litigants, including *pro se* litigants, are required to do. *See, e.g.*, L. Civ. R. 41.1 (permitting dismissal of cases after as little as 90 days without proceedings or actions being taken by the plaintiff or petitioner).

In any event, because habeas petitioners have no absolute right to file a reply in a habeas proceeding, and a reply is not a required element or document in a habeas proceeding, the Court was not required to delay deciding the petition until Petitioner learned the status of this matter and filed a tardy reply. *See, e.g.*, *Dejesus v. Att'y Gen.*, No. 24-8753, 2025 WL 990157, at *1-2 (D.N.J. Apr. 1, 2025). The Court's decision to decide this matter without Petitioner's reply is thus no basis for relief from this Court's judgment, and Petitioner's Rule 60(b) motion is therefore denied.

Furthermore, the Court has read and considered Petitioner's reply brief and accompanying motions, and nothing in those documents would have changed the outcome of Petitioner's habeas

4

petition. As to the issue that appears to be of chief importance to Petitioner in his new filings—the legitimacy of his arrest warrant—Petitioner does not actually show that he did not have any valid warrant. Petitioner, instead, relies entirely on one police officer's lack of knowledge of the warrant a few weeks before Petitioner's arrest to suggest that no warrant existed. Petitioner falls far short, however, of showing a lack of a valid warrant where, as here, the state courts explicitly found a valid warrant for his arrest existed under state law.

Petitioner's estoppel argument is likewise based on a false understanding of the law and facts. Petitioner seeks to estop the State from arguing that he was not in custody at the time of his interrogation on December 12, which Petitioner cannot believe to be true if he had a warrant issued before that date in an unrelated case. (*See* ECF No. 37.) The areas of the record Petitioner references, however, show that the issue was not whether he *could* have been arrested on December 12 on an unrelated warrant of which the police were at that time unaware. Rather, the issue was whether Petitioner *was* arrested on that date. There is no actual conflict between the statements regarding Petitioner not being charged with the crimes of which he was convicted in this matter on December 12 and an unrelated warrant being issued on December 4 that was not acted upon until late December 2006. There is no actual conflict of facts, and no contrary position being taken that would warrant estopping the very arguments raised and adopted in the state courts.

Petitioner's reply and other filings neither show a valid basis for the Court to reconsider its denial of his habeas petition, nor do they provide a basis for relief from the denial of Petitioner's petition. Petitioner's motion seeking relief from the denial of his habeas petition (ECF No. 36) is denied, and Petitioner's remaining motions (ECF Nos. 37-40) are denied as moot in light of the denial of Petitioner's operative habeas petition and because the Court has considered them and found no entitlement to the relief Petitioner seeks.

5

## IV.   CONCLUSION

Petitioner's Motions seeking relief from this Court's final judgment in this matter (ECF No. 36), to apply judicial estoppel (ECF No. 37), for leave to conduct discovery (ECF No. 38), for an evidentiary hearing (ECF No. 39), and to have his reply considered as within time (ECF No. 40) are all **DENIED**.  An appropriate Order follows.

_____

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

6